**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, State Bar No. 016473
Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
Clara S. Acosta, State Bar No. 036044
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email:  nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Application Pro Hac Vice forthcoming)*
Texas Bar No. 24045189
Email: austin@a2xlaw.com
Clif Alexander *(Application Pro Hac Vice forthcoming)*
Texas Bar No. 24064805
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

*Attorneys for Plaintiff Rape and Putative Class Members*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Charles Rape, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Shrader & Martinez Construction USA, LLC A Foreign Corporation,<br><br>Defendant. | No._____<br><br><br>**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Charles Rape ("Plaintiff" or "Rape") brings this action individually and on behalf

of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Shrader & Martinez Construction USA, LLC (hereinafter "Defendant" or "SMC") anywhere in the United States, at any time from July 16, 2018 through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff's claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and the Arizona Fair Wages and Healthy Families Act, A.R.S. §§ 23-350 *et. seq.* and A.R.S. §§ 23-364 (the "Arizona Acts").

Plaintiff Rape's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional state-law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff Rape's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and a class action pursuant to the state laws of Arizona under FED. R. CIV. P. 23 to recover unpaid wages and treble damages.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for SMC at construction sites throughout the United States within the last three years and have not been paid any overtime in violation of state and federal law.

3.      Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      The decision by SMC not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5.      SMC knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state laws.

7.      SMC knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

8.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and to recover unpaid wages, treble damages, and other damages owed under the state laws of Arizona as a class action pursuant to Federal Rule of Civil Procedure 23.

9.      Plaintiff Rape prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff Rape also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Rape is named as Class Representative.

## II.
## THE PARTIES

11. Plaintiff Charles Rape was employed by SMC during the relevant time period. Plaintiff Rape did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former construction superintendents who were employed by SMC anywhere in the United States, at any time from July 16, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rape worked and was paid.

13. The Arizona Class Members are those current and former construction superintendents who were employed by SMC anywhere in Arizona, at any time from July 16, 2020 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rape worked and was paid.

14. Defendant, Shrader & Martinez Construction USA, LLC is a foreign limited liability corporation licensed to do business in the state of Arizona. SMC may be served through its registered agent for service of process: **Dennis A. Hill, 150 Dry Creek Road, Sedona, Arizona 86336.**

---

[1] The written consent of Charles Rape is hereby attached as Exhibit "A."

4

# III.
# JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. § 201-219.

16. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over SMC because the cause of action arose within this District as a result of SMC's conduct within this District.

18. Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, SMC's corporate headquarters is located in Sedona, Arizona and Plaintiff Rape performed work for SMC in Sedona, Arizona all of which is located within this District and Division.

20. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

# IV.
# ADDITIONAL FACTS

21. SMC provides construction services to its clients across the United States.[2]

22. Plaintiff and the Putative Class Members' job duties consisted of performing manual labor, watching other laborers perform their tasks, and contacting SMC management to report on construction progress.

---

[2] https://www.shradermartinez.com/Service/5/construction.

23. Plaintiff Rape was employed by SMC as a construction superintendent in Sedona, Arizona from approximately May 2018 until February 2021.

24. Plaintiff and the Putative Class Members were all paid a salary but no overtime.

25. Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by SMC or its client.

26. Specifically, at the outset of the construction, SMC provided Plaintiff and the Putative Class Members with instructions for how each job was to be performed and with documentation needed to build each structure.

27. Plaintiff and the Putative Class Members monitored subcontractors to ensure they performed their work in accordance with the instructions supplied by SMC.

28. If a subcontractor failed to perform their work according to the instructions provided to Plaintiff and the Putative Class Members, then the Plaintiff and Putative Class Members were to call their project manager and report on the work. The project manager would then decide what to do next.

29. Moreover, Plaintiff and the Putative Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

30. Plaintiff and the Putative Class Members would perform some manual construction labor each day.

31. Plaintiff and the Putative Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

32. Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

33. Plaintiff and the Putative Class Members were not responsible for disciplining bad employees or promoting good employees, instead they were only able to report what they witnessed at the job site to their project manager who was the only individual able to make decisions which affected other employees or sub-contractors.

34. Plaintiff and the Putative Class Members were not responsible for setting schedules or rates of pay.

35. Plaintiff and the Putative Class Members could not deviate from SMC's requirements or instructions without permission.

36. Should any issue arise during construction Plaintiff and the Putative Class Members were required to contact SMC for instructions and were not permitted to make any decisions on their own.

37. Plaintiff and the Putative Class Members worked long hours, specifically SMC required Plaintiff and the Putative Class Members to work a minimum of seventy (70) to eighty (80) hours per week.

38. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over 40 each week.

39. Plaintiff and the Putative Class Members regularly worked in excess of forty

(40) hours per week but never received overtime compensation.

40. SMC denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

41. Plaintiff and the Putative Class Members are non-exempt employees under the FLSA.

42. Although it is well-known that blue-collar workers like Plaintiff and the Putative Class Members are not exempt from overtime, SMC did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

43. SMC applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

44. Because SMC did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, SMC's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

45. All previous paragraphs are incorporated as though fully set forth herein.

46. The FLSA Collective is defined as:

8

**ALL CONSTRUCTION SUPERINTENDENTS WHO WERE EMPLOYED BY SHRADER & MARTINEZ CONSTRUCTION USA, LLC ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 16, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

47. At all times hereinafter mentioned, SMC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all times hereinafter mentioned, SMC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, SMC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. During the respective periods of Plaintiff and the FLSA Collective Members' employment by SMC, these individuals provided services for SMC that involved interstate commerce for purposes of the FLSA.

51. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of SMC who assisted customers throughout the United States. 29 U.S.C. § 203(j).

53. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

54. In violating the FLSA, SMC acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

55. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

56. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of SMC.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. SMC violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

59. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of SMC's acts or omissions as described herein; though SMC is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

60. Moreover, SMC knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff Rape and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

61. SMC knew or should have known its pay practices were in violation of the FLSA.

62. SMC is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted SMC to pay overtime in accordance with the law.

64. The decision and practice by SMC to not pay overtime was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    FLSA COLLECTIVE ACTION ALLEGATIONS**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

68. Other similarly situated employees have been victimized by SMC's patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collective Members are defined in Paragraph 46.

70. SMC's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

71. Thus, Plaintiff Rape's experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and SMC will retain the proceeds of its rampant violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity

among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Arizona Act)

**A. VIOLATIONS OF ARIZONA LAW**

78. Plaintiff Rape incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

79. The Arizona Class is defined as:

**ALL CONSTRUCTION SUPERINTENDENTS WHO WERE EMPLOYED BY SHRADER & MARTINEZ CONSTRUCTION USA, LLC ANYWHERE IN THE STATE OF ARIZONA, AT ANY TIME FROM JULY 16, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Arizona Class" or "Arizona Class Members").**

80. At all times hereinafter mentioned, SMC has been an "employer" within the meaning of the Arizona Act, A.R.S. § 23-350(3).

81. At all times hereinafter mentioned, Plaintiff and the Arizona Class Members have been "employees" within the meaning of the Arizona Act. A.R.S. § 25-350(2).

**B. FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE ARIZONA ACT**

82. All previous paragraphs are incorporated as though fully set forth herein.

83. SMC was required to pay Plaintiff and the Arizona Class for all hours worked.

84. The Arizona Act requires every employer to pay "all wages due" every pay period, including overtime pay. *See* A.R.S. § 23-351; *Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 196842, at *1 (D. Ariz. Jan. 20, 2011).

85. SMC owes Plaintiff and the Arizona Class Members "wages," as defined in section 23-350(7) of the Act, to compensate them for labor and services they provided to SMC in the furtherance of their job duties. *See* A.R.S. § 23-350(7), 351(C).

86. Plaintiff and other Arizona Class Members were not (and currently are not) exempt from receiving benefits under the Arizona Act.

87. Plaintiff and the Arizona Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, SMC violated the Arizona Act by failing to pay Plaintiff and other Arizona Class Member for all of the wages due to them. *See* A.R.S. § 23-350(7), 351(C).

88. Plaintiff and the Arizona Class Members have suffered damages and continue to suffer damages as a result of SMC's acts or omissions as described herein; though SMC is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

89. The Arizona Act provides that Plaintiff and the Arizona Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* A.R.S. § 23-355(A).

90. In violating the Arizona Act, SMC acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law. *See* A.R.S. §§ 23-352(3), 23-355.

91. The proposed class of employees sought to be certified pursuant to the Arizona Act is defined in Paragraph 79.

92. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of SMC.

C. **ARIZONA CLASS ALLEGATIONS**

93. Plaintiff Rape brings his Arizona Act claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by SMC to work in Arizona at any time since July 16, 2020.

94. Class action treatment of Plaintiff Rape and the Arizona Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

95. The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

96. Plaintiff Rape is a member of the Arizona Class, his claims are typical of the claims of the other Arizona Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

97. Plaintiff Rape and his counsel will fairly and adequately represent the Arizona Class Members and their interests.

98. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

99. Accordingly, the Arizona Class should be certified as defined in Paragraph 79.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against SMC as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 46 and requiring SMC to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Arizona Class as defined in Paragraph 79 and designating Plaintiff Rape as the Class Representative of the Arizona Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff Rape (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Arizona law awarding Plaintiff Rape and the Arizona Class Members unpaid wages, treble damages, and other damages allowed by law;

f. For an Order pursuant to Section 16(b) of the FLSA finding SMC liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

j. For an Order awarding Plaintiff Rape a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of SMC, at SMC's own expense;

l. For an Order providing for injunctive relief prohibiting SMC from engaging in future violations of the FLSA, and requiring SMC to comply with such laws going forward; and

For an Order granting such other and further relief as may be necessary and appropriate.

/ / /

/ / /

/ / /

17

DATED this 16th day of July 2021.

                    LUBIN & ENOCH, P.C.
                    ANDERSON ALEXANDER, PLLC

                    By: /s/ Nicholas J. Enoch
                    Nicholas J. Enoch

                    *Attorneys for Plaintiff and the Putative Class Members*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions raised by the foregoing complaint.

DATED this 16th day of July 2021.

                    LUBIN & ENOCH, P.C.
                    ANDERSON ALEXANDER, PLLC

                    By: */s/ Nicholas J. Enoch*
                    Nicholas J. Enoch

                    *Attorneys for Plaintiff and the Putative Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July 2021, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

/s/ *Cristina Gallardo-Sanidad*