**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch
Arizona Bar No. 016473
Kaitlyn A. Redfield-Ortiz
Arizona Bar No. 030318
Clara S. Acosta
Arizona Bar No. 036044
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson (Admitted Pro Hac Vice)
Texas Bar No. 24045189
Clif Alexander (Admitted Pro Hac Vice)
Texas Bar No. 24064805
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284
Email: austin@a2xlaw.com
Email: clif@a2xlaw.com

*Attorneys for Plaintiff*
*And Putative Class Members*

**JACKSON LEWIS P.C.**
Amy Gittler
Arizona Bar No. 004977
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
T: (602) 714-7057
Amy.Gittler@jacksonlewis.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES RAPE,<br>Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SHRADER & MARTINEZ CONSTRUCTION USA, LLC,<br>A Foreign Corporation,<br><br>            Defendant. | No.  3:21-cv-08158<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** |

Plaintiff Charles Rape ("Rape") and Defendant Shrader & Martinez Construction USA, LLC ("S&M") (collectively the "Parties"), hereby jointly move the Court for approval of their FLSA and Arizona Wage Settlement Agreement (the "Agreement").

As grounds for this motion, the parties jointly state the following:

1. This is an action filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Arizona state law, in which Rape seeks recovery for overtime wages allegedly due and owing him. S&M denies Rape's allegations, and disputes his entitlement to the damages he has claimed.

2. In particular, S&M asserts that Plaintiff Rape was exempt from overtime under the FLSA and Arizona state law. Moreover, S&M contends that even if Plaintiff Rape could establish liability, several contested issues of fact and law would need to be litigated and resolved in this matter.

3. The Parties have executed the Agreement wherein they have agreed to the dismissal of this action with prejudice. A copy of the Agreement is attached hereto as Exhibit "A." Although originally pled as a collective/class action, Plaintiff Rape has elected not to pursue collective/class certification and instead settle individually.

4. A settlement resolving an FLSA claim is subject to court approval. *Hand, et al. v. Dionex Corp.,* No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007); *see also Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007), *citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

5. To be approved, a FLSA settlement agreement must constitute "a fair and reasonable resolution of a *bona fide* dispute." *Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *1–2 (D. Ariz. July 25, 2019); *Quiroz v. City of Ceres*, No. 1:17-CV-00444-DAD-BAM, 2019 WL 1005071, at *2 (E.D. Cal. Mar. 1, 2019) (citing *Dunn v. Teacher's Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)); *see also Lynn's*, 679 F.2d at 1352–53. To find a *bona fide* dispute, "[t]here must be 'some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims.'" *Quintana,* 2019 WL 1005071, at *1 (quoting *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)).

6. The Parties have established the existence of a *bona fide* dispute—Plaintiff alleged that S&M violated the FLSA because it failed to pay him overtime compensation due to him as a non-exempt employee. While Plaintiff is confident he would prevail on the merits of the liability claim, success was not a certainty and a legitimate dispute existed on whether

3

Plaintiff Rape was properly classified as an overtime exempt employee. S&M at all times denied liability and fervently defended its position that Plaintiff Rape was properly classified as an overtime exempt employee. Accordingly, there was a *bona fide* dispute between the Parties that is fully resolved by the proposed Agreement. Moreover, approval of the Agreement will promote the policy of encouraging settlement of litigation. *See Selk*, 159 F. Supp. 3d at 1175.

7. The settlement provides for meaningful compensation that is well within the possible range of recovery, the Parties undertook significant informal discovery to meaningfully determine the applicable settlement values, the scope of the release is not overly broad and is instead limited to the claims asserted in this lawsuit, and there has been no fraud or collusion between the Parties. The Parties have carefully negotiated, in good faith, a settlement of Plaintiff Rape's claims in order to achieve a fair and reasonable compromise of the disputed issues of fact and law and in order to fully and finally resolve his claims against S&M.

8. Although denying any liability, solely for purposes of resolving the matter, S&M has agreed to pay Rape $8,333.34 (less applicable tax withholdings), for the disputed unpaid overtime hours and an additional $7,333.33, as payment of Rape's disputed claims for liquidated damages.

9. Further, as part of the settlement of this FLSA action, S&M agreed to pay Plaintiff Rape's attorneys' fees and out-of-pocket costs in the amount of $8,333.34 pursuant to 29 U.S.C. § 216(b). Such fees were negotiated by the parties at arm's length and therefore carry a presumption of reasonableness. *See In re First Capital Holdings Corp. Financial Products*

4

*Securities Litigation*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992), *appeal dismissed*, 33 F.3d 29 (9th Cir. 1994).

10.   Both Plaintiff Rape and S&M, through their respective counsel, represent to the Court that the Agreement is fair, equitable, and in compliance with the policies of the FLSA.

11.   All parties were represented by competent counsel with experience in this area of the law.

Accordingly, the parties jointly request that the Court review the Agreement and enter an Order approving the Agreement and dismissing this matter with prejudice, with each party to bear his, her or its own fees and costs, except as otherwise expressly provided in the Agreement.

Dated February 28, 2022.

**ANDERSON ALEXANDER, PLLC**

*/s/ Clif Alexander*
Clif Alexander (Admitted Pro Hac Vice)
Texas Bar No. 24064805
clif@a2xlaw.com
Austin W. Anderson (Admitted Pro Hac Vice)
Texas Bar No. 24045189
austin@a2xlaw.com

819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch
Arizona Bar No. 016473
Kaitlyn A. Redfield-Ortiz
Arizona Bar No. 030318
Clara S. Acosta
Arizona Bar No. 036044
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

**JACKSON LEWIS P.C.**

*/s/ Amy Gittler*
Amy Gittler
2111 E. Highland Avenue, Suite B-250
Phoenix, AZ 85016
T: (602) 714-7057
Amy.Gittler@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, a true and correct copy of the foregoing has been electronically filed with the Electronic Case Filing System of the Court, and that an electronic copy will be sent to all registered to receive notice from the CM/ECF system.

*/s/ Frances Lopez*
Frances Lopez