**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Rape, | No. CV-21-08158-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Shrader & Martinez Construction USA LLC, | |
| Defendant. | |

Pending before the Court is the parties' Joint Motion to Approve the Settlement Agreement and Dismiss this case with prejudice (Doc. 20). For the reasons set forth below, the Court grants the parties Motion.

**I.   Background**

On July 16, 2021, Plaintiff filed this suit, alleging Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") by failing to pay him overtime and other wages for time worked over forty (40) hours in a workweek. (Doc. 1 at ¶¶ 1, 3). The parties represent that after arms-length negotiation, they reached a Settlement Agreement to resolve all claims. (Doc. 20 at 2–5).

In the Settlement Agreement, the parties have agreed to settle Plaintiff's claims under the following terms: (1) Defendant agrees to pay the total sum of $24,000.00 to Plaintiff; (2) Defendant has denied liability or wrongdoing under the FLSA; (3) Plaintiff and Defendant agree to dismiss this action with prejudice; (4) Plaintiff and Defendant have

signed a release of claims.[1]  (Doc. 20-1 at 2–14).

The allocation of the settlement includes one check to Mr. Rape in the amount of $8,333.34 for the disputed unpaid overtime hours, one check to Mr. Rape in the amount of $7,333.33 for the disputed claims for liquidated damages, and one check to Anderson Alexander, PLLC in the amount of $8,333.34 for payment for attorneys' fees and costs. (*Id.* at 2–3).

**II.     Discussion**

"Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (citations omitted).  In deciding whether to approve the parties' settlement, courts in the Ninth Circuit follow *Lynn's Foods*.  *Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016); *Lopez v. Arizona Pub. Serv. Co.*, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010).

If a settlement reflects a "reasonable compromise over issues, such as . . . computation of back wages, that are actually in dispute," the district court may approve the settlement "in order to promote the policy of encouraging settlement of the litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The settlements must be fair and reasonable. *Id.* at 1353.

The Court has reviewed Plaintiff's Motion for Settlement Approval and the attached exhibits, including the Settlement Agreement itself.  (Docs. 20; 20-1).  The Court finds its terms reflect a "fair and reasonable resolution of a bona fide dispute" over FLSA overtime provisions. *See Lynn's*, 679 F.2d at 1355. The Court also finds that the Settlement Amount is fair and equitable given the parties' agreement that the proposed settlement represents a reasonable compromise of the damages.  (Doc. 20 at 4–5).  The Court finds the costs and uncertainties of further litigation support the Settlement Amount.  Moreover, the proposed

---

[1] The Court notes the Settlement Agreement does not contain a signature from the Defendant.  (Doc. 20-1 at 6, 14).  The Motion itself, however, was filed jointly by the parties and the Court will assume Defendant agrees to the terms therein.

distribution to Plaintiff is fair and equitable because the distribution includes both Plaintiff's disputed claims for unpaid overtime hours and liquidated damages. (Doc. 20-1 at 2–3). Last, the Court finds that the record supports an award of attorneys' fees and costs in the amount for which Plaintiff seeks approval because of the arms-length negotiation. (Doc. 21-1 at 3–13).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Settlement Approval (Doc. 20) is **granted**.

**IT IS FURTHER ORDERED** that the Settlement Agreement and Release of All Claims (Doc. 20-1) is **approved**.

**IT IS FURTHER ORDERED** that payments shall be distributed in accordance with the Settlement Agreement. (Doc. 20-1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs in the amount of **$8,333.34** (Doc. 21) is **granted**.

**IT IS FINALLY ORDERED** that this action is **dismissed with prejudice**, with each party to bear their own attorneys' fees and costs, except as set forth in the Settlement Agreement. (Doc. 20-1).

Dated this 12th day of September, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge